CHIEF JUSTICE LINDSAY
delivered the opinion oe the court.
The refusal of the court of common pleas to transfer this cause to the circuit court, in order to allow the appellants to *446 make their defense on the equity side of the docket, did not prejudice their substantial rights. The issue of fact raised by the answer could be as well investigated and determined in an ordinary as in an equitable proceeding.
The defense relied on by the appellants is that Weir and Sanders Eaves (now deceased) were the mere sureties in the note, and that the appellee, knowing such to be the fact, did, in consideration of money paid at the time, contract with their principal, D. W. Eaves, to extend the time of payment, and, pursuant to such contract, did extend such time, and that all this was done without their knowledge or consent.
The only proof offered to the jury of this alleged contract was the affidavit of Charles Eaves, one of the attorneys for the appellant, in which it was stated that “after the maturity of the note sued on, and a year or more before the institution of the suit, the plaintiff agreed with said D. W. Eaves (the principal) if he would pay her a greater rate of interest than that stipulated in said note — that is to say, to pay her ten per cent per annum on the amount of the debt evidenced by said note, and give him further time, at least one year’s further time on said note; and that thereupon said D. W. Eaves did, under said agreement, pay plaintiff, in semi-annual installments, ten per cent per annum on the amount of said note, . . . and that, in consideration of said payments,” the time was extended two years. The affiant stated further that these alleged facts could all be proved by the principal in the note; and to avoid a postponement of the trial of the action the appellee was compelled to consent that the affidavit should be read as his (the principal’s) deposition.
The appellee offered herself as a witness. Objections to her competency were overruled; and she then stated that she had at no time made an agreement or contract with the principal in the note to extend the time of payment. Clay, the executor of Sanders Eaves, deceased, who was one of the sure *447 ties, moved to exclude her testimony from the jury, upon the ground that the statute does not permit a party in interest to testify in an action where the adverse party is the executor or administrator of a deceased person.
Subsection 4 of sec. 25 of chap. 37 of the General Statutes provides that “in actions or special proceedings of either of the classes above specified, in which one party calls a witness (other than an agent or person interested) to- prove conversations or admissions of the opposite party occurring before the death of said deceased person, but not in his presence, the opposite party may testify as to the same conversations or admissions.”
The agreement proved by the principal in the note is not stated to have been evidenced by a writing. If it was ever made, it was an oral agreement. If the witness had been upon the stand, the appellee could have insisted that the appellants should require him to detail her conversation upon the subject, so that the jury might determine whether or not the alleged negotiation resulted in an enforceable contract. And when this was done, she could then have offered herself as a witness to testify as to this conversation. This right is secured to her by the letter as well as the spirit of the subsection just quoted.
The affidavit does not state in detail the conversation. The affiant states merely the conclusion of the parties, or rather the legal effect of their conversation. But as the conversation or oral negotiation was relied on to make out the defense, the appellants could not claim the benefit of their own generalization on a subject on which they might have been specific, and thereby defeat the appellee in her right to testify.
We perceive no substantial error in the record, and the judgment of the court of common pleas must be affirmed.